22-2811
*United States v. Wofford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:

        DENNIS JACOBS,
        PIERRE N. LEVAL,
        RICHARD J. SULLIVAN,
           *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*

        v.                                No. 22-2811

WILLIE WOFFORD,

        *Defendant-Appellant.*

_____

For Defendant-Appellant: Jay S. Ovsiovitch, Assistant Federal Public Defender, Federal Public Defender's Office, Rochester, NY.

For Appellee: Monica J. Richards, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 17, 2022 order of the district court is **AFFIRMED.**

Willie Wofford appeals from the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On June 22, 2021, Wofford pleaded guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm and ammunition by an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3). The district court thereafter sentenced Wofford to an aggregate term of seventy-two months' imprisonment, to be followed by three years' supervised release. In

2

June 2022, Wofford, proceeding *pro se*, moved for compassionate release under the First Step Act of 2018.[1]   Under that statute, a district court may, in its discretion, grant a motion for a sentence reduction if, "after considering the [applicable] factors set forth in [18 U.S.C. §] 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction."   18 U.S.C. § 3582(c)(1)(A).   As our caselaw has made clear, a district court may deny a motion for compassionate release if it determines that a defendant has failed to make the requisite showing that extraordinary and compelling reasons exist *or* that the section 3553(a) factors do not warrant a sentence reduction.   *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).

On October 17, 2022, the district court denied Wofford's motion, concluding that he failed to demonstrate extraordinary and compelling reasons and that, even if he had, the section 3553(a) factors did not warrant a sentence reduction. Specifically, the district court concluded that – although Wofford's "medical conditions present[ed] a risk factor for severe illness or death from COVID-19" – he failed to establish that extraordinary and compelling reasons justified his release because the facility where he was incarcerated "appear[ed] to have the

---

[1] Although Wofford proceeded *pro se* below, he is represented by counsel on appeal.   *See* Doc. No. 5.

3

virus under control," and because he refused to be vaccinated against the virus without offering any "sound reason for [his] refusal." App'x at 107. The district court further concluded that the section 3553(a) factors did not support a sentence reduction in light of "the underlying nature of [his] conviction," "his criminal history," and the court's assessment that he "present[ed] a significant risk of danger to the community." *Id.* at 108. This appeal followed.

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted).

On appeal, Wofford argues *only* that the district court abused its discretion in concluding that he failed to establish extraordinary and compelling reasons for a sentence reduction. But as the government notes, Wofford does not advance any argument that the district court erred in its consideration of the section 3553(a) factors. Wofford has therefore forfeited any challenge to that determination. *See Phoenix Light SF Ltd. v. Bank of N.Y. Mellon*, 66 F.4th 365, 372 (2d Cir. 2023) ("Issues

4

not sufficiently argued in the appellate briefs are considered forfeited and normally will not be addressed on appeal." (alterations and internal quotation marks omitted)).

Because "a district court's reasonable evaluation of the [s]ection 3553(a) factors is an . . . independent basis for denial of compassionate release," *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (internal quotation marks omitted), and a sufficient basis upon which we can affirm, we decline to disturb the district court's denial of Wofford's motion. *See Keitt*, 21 F.4th at 73 (holding that "[w]hen a district court denies a defendant's motion under [section] 3582(c)(1)(A) in sole reliance on the applicable [section] 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction").

But even if we were to review the district court's section 3553(a) analysis on the merits, we see no abuse of discretion. Here, the district court reasonably determined that the "underlying nature" of Wofford's offense, his "criminal history," the "significant risk" he posed to the public, and his continued engagement in criminal activity after arrest counseled against a sentence reduction in this case. App'x at 108; *see also* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(C). And, to

the extent Wofford believes that the district court placed undue emphasis on certain factors and failed to adequately consider others, we have repeatedly made clear that "[m]ere disagreement with how the district court balanced the [section] 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (internal quotation marks omitted); *see also United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight . . . afforded [to] any [section] 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." (internal quotation marks omitted)).

We have considered Wofford's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court